IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WINS EQUIPMENT, LLC,

                    Plaintiff,                    ORDER

   v.

                                         09-cv-324-slc

RAYCO MANUFACTURING, INC.,

                    Defendant.

---

This is a civil action for monetary relief brought by plaintiff Wins Equipment, LLC for breach of contract and violations of the Wisconsin Fair Dealership Law, Wis. Stat. § 135.03-04. Initially, plaintiff filed this suit in the Circuit Court for Dane County. On May 22, 2009, defendant Rayco Manufacturing, Inc. removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). As the party that removed this case to federal court, defendant bears the burden of showing that federal jurisdiction exists. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). However, this court has an independent obligation to insure that diversity jurisdiction exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Tylka v. Gerber Products Company*, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction"). My review of plaintiff's initial complaint and defendant's notice of removal indicates that defendant has not provided enough information to allow this court to draw the conclusion that the parties are diverse under § 1332.

In particular, plaintiff is a limited liability company, but defendant's notice of removal states only that plaintiff's company is organized under the laws of Wisconsin and has its principal place of business in Wisconsin. However, the citizenship of a limited liability company

is determined by the citizenship of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006); 15 *Moore's Federal Practice*, § 102.57[8] at 102-140.2-141 (2008). Defendant has not identified the citizenship of the members of plaintiff's limited liability company.

      Although I suspect that defendant will be able to establish diversity of the parties, it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present. Therefore, defendant may have 15 days in which to submit facts verifying the diversity of citizenship between plaintiff and defendant. Defendant is reminded that, to the extent any member of the limited liability company is an individual person, it is the citizenship, not the residency, of that person that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also* Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994).

ORDER

It is ORDERED that defendant Rayco Manufacturing, Inc. may have until October 13, 2009 in which to provide this court with verification of the diversity of citizenship between itself and plaintiff Wins Equipment, LLC. Failure to comply with this deadline will result in remand of this case to the Circuit Court for Dane County for lack of subject matter jurisdiction.

Entered this 28th day of September, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge