IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WINS EQUIPMENT, LLC,

                Plaintiff,                    OPINION and ORDER

    v.

                                           09-cv-324-slc

RAYCO MANUFACTURING, INC.,

                Defendant.

---

This is a civil action for monetary relief brought by plaintiff Wins Equipment, LLC for breach of contract and violations of the Wisconsin Fair Dealership Law, Wis. Stat. §§ 135.03-04.  Defendant Rayco Manufacturing, Inc. has filed a motion to transfer this suit to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a) or in the alternative to dismiss or transfer pursuant to 28 U.S.C. § 1406(a).  *See* dkt. 18.  Jurisdiction is present under 28 U.S.C. § 1332.  Because the convenience of the parties and witnesses and the interests of justice weigh against transfer to Ohio, I am denying defendant's motion.

Solely for the purpose of deciding this motion, I draw the following facts from the complaint and the materials submitted by the parties:

FACTS

Plaintiff Wins Equipment, LLC is a limited liability company organized under Wisconsin law with its principal place of business in Caledonia, Wisconsin.  Its only two members are citizens and residents of Wisconsin.  Defendant Rayco Manufacturing, Inc. is a corporation organized and existing under Ohio law with its principal place of business in Wooster, Ohio.  On November 7, 2006, plaintiff and defendant signed a dealership agreement in which plaintiff

agreed to purchase construction machinery and parts from defendant.  The dealership agreement

grants plaintiff an exclusive territory in which to sell the products it buys from defendant.  The

dealership agreement also contains a choice of law and forum selection clause which provides:

> This Agreement shall be governed by and construed in accordance
> with the laws of the State of Ohio, [] proceedings arising under or
> out of this Agreement shall lie solely in the United States District
> Court for the Northern District of Ohio, or, if said court lacks
> jurisdiction, in the state courts located in the County of Wayne,
> State of Ohio.

On April 21, 2009, plaintiff filed a suit against defendant in the Circuit Court of Dane

County alleging that defendant had breached the dealership agreement by selling construction

machinery and parts directly to consumers in plaintiff's exclusive territory.  Plaintiff also alleged

that the parties' relationship constituted a "dealership" as defined by the Wisconsin Fair

Dealership Law (WFDL), Wis. Stat. § 135.02(3), and that defendant, as a "grantor," had

violated plaintiff's rights as a "dealer" under the WFDL.  Defendant removed the case to this

court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and filed this

motion to dismiss or transfer.

Plaintiff's party and non-party witnesses for this case are located exclusively in Wisconsin

and Illinois.  Specifically, plaintiff plans to call witnesses that are located in Waukesha, Madison

and Sauk City, Wisconsin, who purchased products directly from defendant.  Defendant

anticipates calling at least five of its own employees as witnesses, all of whom are located in

Ohio.

OPINION

## I.  Dismissal or Transfer under §1406(a)

Dismissal or transfer under § 1406(a) would be appropriate only if venue in this court were improper.  In a civil action where subject matter jurisdiction is based on diversity of citizenship, as in this case, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." 28 U.S.C. § 1406(a)(2).  Plaintiff Wins Equipment, LLC alleges that a substantial part of the events relevant to this case occurred in Wisconsin, including several of defendant's direct sales to customers within plaintiff's exclusive territory.  Defendant has not seriously disputed this, relegating its § 1406(a) to a failure-of-proof footnote, *see* dkt. 19 at 3, n.1.  There are sufficient facts in the record to show that venue is proper in this court.  Therefore, dismissal or transfer pursuant to § 1406(a) is not appropriate.

## II.  Transfer under § 1404(a)

Under 28 U.S.C. § 1404(a), a court *may* transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interests of justice.  28 U.S.C.§ 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  The parties do not dispute that venue is proper in both the Western District of Wisconsin or the Northern District of Ohio.  Therefore, I need only determine whether transfer would serve the convenience of the parties and witnesses and promote the interests of justice.  To decide that question, I consider the public and private interest factors highlighted by the parties: (1) the forum selection clause; (2) the convenience

3

to the parties; (3) the convenience to third party witnesses; and (4) the interests of justice.  The

parties have diametrically opposed view on how the court should weigh these factors, with

defendant relying too heavily on the forum selection clause and plaintiff relying too heavily on

the countervailing policy goals of the WFDL Both are important to the analysis, but neither by

itself is dispositive.


### A.  The Forum Selection Clause and the WFDL

Defendant contends that the dealership agreement's forum selection clause is valid and

enforceable and requires that plaintiff's claims be brought in the Northern District of Ohio.

Plaintiff responds that the forum selection clause is unenforceable because it is contrary to the

public policies of Wisconsin, as provided in the Wisconsin Fair Dealership Law.  Actually, the

forum selection clause is neither dispositive nor void.  Speaking almost directly to the instant

dispute, the Supreme Court has observed that

> Congress has directed that multiple considerations govern transfer
> within the federal court system and a state policy focusing on a
> single concern or a subset of the factors identified in § 1404(a)
> would defeat that command.  Its application would impoverish the
> flexibility and multifaceted analysis that Congress intended to
> govern motions to transfer within the federal system.  The forum-
> selection clause, which represents the parties' agreement as to the
> most proper forum should receive neither dispositive consideration
> (as respondent might have it) nor no consideration (as [State law]
> might have it) but rather the consideration for which Congress
> provided in § 1404(a).

*Stewart Organization., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988).

Breaking this out a bit, a venue dispute of the sort presented in the instant case is

governed by federal law, not state law.  The operative statue, § 1404(a) places discretion in the

4

district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Stewart Org*, 487 at 28 & 29.  Among the factors that are relevant–but not individually dispositive–are the parties' forum selection clause and the WFDL's antipathy toward forum selection clauses. *Id.* at 29-30.  A state law that categorically disfavors forum selection clauses must yield to § 1404(a)'s multifactor balancing test.[1]  To the same effect, a district court is required to consider factors other than those that bear solely on the parties' private ordering of their affairs: under § 1404(a)'s "interest of justice" heading, the court must factor into the equation the convenience of the witnesses and the public interest factors of systemic integrity and fairness.  *Id*. at 30.

Defendant does not quarrel with these general principles, but asserts that this court should adopt the view of the two concurring justices who went further and urged courts to give controlling weight to a *valid* form-selection clause in all but the most exceptional cases.  *Stewart Org.*, 487 at 33 (Kennedy and O'Connor, JJ., concurring).  Although not the holding of the Court, this concurring view is logical as far as it goes, but it doesn't go far enough to resolve the heart of the dispute presented here: in what fashion should a court determine the validity of a forum selection clause agreed to by a franchisee located in Wisconsin?  In other words, this although this court cannot employ the WFDL categorically to erase the forum selection clause from the transfer equation, how much counterweight does the WFDL actually provide?

---

[1] To the extent that this court's decision in *Brown Dog, Inc. v. Quizno's Franchise Co.*, Case No. 04-C-18, 2004 WL 1114427 (W.D. Wis. May 13, 2004) implied that the WFDL completely nullified forum selection clauses in franchise disputes, this would be contrary to the holding of *Stewart Organization* and it cannot govern the instant analysis.

Plaintiff points to this court's use of state and federal law to determine the validity of a forum selection clause requiring remand to state court in *Wausau Steel Corp. Vv. Roper Whitney of Rockford, Inc.*, Case No. , 2009 WL 2197368, but that analysis did not involve § 1404(a). The Seventh Circuit has provided guidance in dicta: federal law governs the validity of forum selection clauses when the dispute arises under § 1404(a). This still requires the court to consider the policy behind the state's judgment on  validity or invalidity because that policy would bear on whether transferring the case would be in the interest of justice, but the court must make an independent judgment whether to enforce the clause. *IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.*, 437 F.3d 606, 608 (7th Cir. 2006) (citing *Stewart Org.*, 487 U.S. at 30-31). The court then distinguished the analysis under § 1404(a) from the question whether a forum selection clause can be sufficient to create personal jurisdiction, *id*. at 609, a question that has been answered affirmatively both by the Supreme Court, *see M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) and the Seventh Circuit, *see Northwestern National Insurance Co. V. Donovan*, 916 F.3d 372, 373-74 (7th Cir. 1990). Because it is undisputed that this court has personal jurisdiction over defendant in this case, the analysis circles back to the totality of circumstances test required by § 1404(a).

Thus, this court must weigh the forum selection clause against the WFDL. The WFDL incorporates Wisconsin's strong public policy of protecting dealers from unfair treatment by grantors, providing that if a grantor violates the WFDL, "a dealer may bring an action against such grantor in any court of competent jurisdiction." Wis. Stat. § 135.06. The WFDL further provides that its provisions "may not be varied by contract or agreement," and that any contract provision purporting to do so is "void and unenforceable." Wis. Stat. § 135.025(3). A natural

6

reading of § 135.06 suggests that a forum selection clause violates the policies of the WFDL, not because a court outside of Wisconsin would be unable to interpret and apply the WFDL, but because a forum selection clause forecloses the dealer's right to bring suit in the dealer's forum of choice. *See Brio Corp. v. Meccano S.N.*, 2007 WL 2572307, *2 (E.D. Wis. 2007)(involving a clause selecting a court in France as the forum). Section 135.06 focuses on the dealer's right to bring suit "in any court of competent jurisdiction" if a grantor violates the WFDL. *Brown Dog, Inc. v. Quizno's Franchise Co.*, 2004 WL 1114427, *3 (W.D. Wis. May 13, 2004) ("It would be contrary to Wisconsin's strong public policy to permit enforcement of contractual provisions that limit dealers' rights to bring actions in their choice of courts of competent jurisdiction"); *Jungbluth v. Hometown, Inc.* 201 Wis.2d 320, 330 & n.6 (1996) (WFDL's ban on contractual opt-outs derives from the legislature's concern that franchise agreements typically involved unequal bargaining power); Bowen & Butler, *The Wisconsin Fair Dealership Law* (3d ed. 2003), § 14.8 (forum selection clauses infringe on dealer's rights under § 135.06).

Pointing in the other direction is *DeTemple v. Leica Geosystems, Inc.*, 2009 WL 1871710 (E.D. Wis. 2009). There, the court observed in dicta (after dismissing plaintiff's WFDL claim as time-barred) that forum selection clauses could–and usually should–be enforced in WFDL cases, and contrary decisions by other federal courts in Wisconsin were suspect. *Id.* at *5. The dicta in *DeTemple* probably pushes too hard against the WFDL, but it provides an important reminder that pursuant to *Stewart Org.*, grantors venturing into Wisconsin cannot have their forum selection clauses automatically voided in federal court. A federal court in this state must undertake an objective inquiry into the relevant factors.

Here, the sub-factors pertinent to the conflict between the forum selection clause and the WFDL cut both ways.  One minor factor is the choice of *law* clause twinned to the forum selection clause that requires application of Ohio law. This, however, is not going to happen in a lawsuit where two of the three counts makes claims under the WFDL.  As this court has noted, apparently in dicta,[2] the remedial goals of the WFDL cannot be circumvented by choice of law clauses.  *Van's Supply & Equipment, Inc. V. Echo, Inc.,* 711 F.Supp. 497, 503 (W.D. Wis. 1989). Defendant does not contend otherwise but notes that the federal court in Ohio can and will apply the WFDL.  *See* Reply Brief, dkt. 50 , at 5-6. That's fine as far as it goes; although I do not share the court's concern in *Van's Supply* about the ability of a federal court in another state to apply the WFDL, one has to question the efficacy sending this case 500 miles so that a court sitting in Ohio can apply Wisconsin law to ⅔ of the claims in the lawsuit.  It's not a big concern, but it doesn't support transfer.

Next and more importantly, this court must give due weight to the WFDL's concern about the presumptively greater bargaining power that defendant had over plaintiff when the parties signed the contract containing the forums selection clause.  On the other hand, the court doesn't know much about the actual bargaining disparity between the parties. Did defendant confront plaintiff with a take-it-or-leave-it contract proposal, or was there genuine give-and -take over the terms that would enhance the validity of the now-disputed forum selection clause? Defendant is a privately-held corporation based in Wooster, Ohio that designs and manufactures heavy machinery on a national level for the tree and landscape industry. *See* www.raycomfg.com.

---

[2]  The issue actually before the court was venue, not choice of law.

Plaintiff was an authorized dealer of this machinery for defendant and at least two other companies, and had locations in Caledonia, Wisconsin and Sugar Grove, Illinois (west of Chicago). *See* www.winsequipment.com.[3]  This court knows little else about the relative size and strength of the parties at the time they entered into their contract.

Absent more information showing equal bargaining strength, I will give weight to the WFDL's concerns on this point and I find that they counterbalance the forum selection into equipoise.  Giving full, objective consideration to the forum selection clause and the impact of state policy leads me to declare a draw: neither controls here.  We must look to the remaining factors under § 1404(a) to determine whether venue is more appropriate in Northern Ohio than Western Wisconsin.

### B.  Convenience of the Parties and Party Witnesses

_____When a party enters into an agreement containing a forum selection clause, it usually waives its own right to a convenient forum.  *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 613 (7th Cir. 2006).  However, having just found that the forum selection clause does not end the § 1404(a) analysis, the convenience of the parties remains  relevant to the transfer analysis.  Because plaintiff and defendant are located in different states, neither forum is convenient to both.

Defendant argues Ohio is a more convenient forum overall because plaintiff will only have to send one of  employee to participate to Ohio.  In contrast, if the case stays in Wisconsin,

---

[3]  Apparently, plaintiff now is out of business, due, it says, to defendant's alleged poaching of customers.  *See* Wieneke affidavit, dkt. 31, at paragraph 4.

defendant identifies at least five of its employees that it intends to send here to testify. However, the location of defendant's employee witnesses is not a heavily weighted factor in a § 1404(a) analysis because defendant will not have to subpoena its own employees. The assumption is that "witnesses within the control of the party calling them, such as employees, will appear voluntarily." *Adams v. Newell Rubbermaid Inc.*, 2007 WL 5613420, *3 (W.D. Wis. August 21,2007).

On the other hand, the reason that plaintiff would be sending only one employee witness to Ohio is because plaintiff has folded: there's no one left but the owner. All of plaintiff's former employees have moved on. To the extent that the former employees have material information to provide, plaintiff cannot compel them to do so in Ohio. If any of them still are within 100 miles of Madison, plaintiff can subpoena them to this court, and perhaps might be more able to persuade others in Wisconsin and Illinois to travel to Madison than in Akron.

Although this is not a major factor, it tilts slightly in favor of plaintiff. In any event, ties in this category are awarded to the plaintiff. *In re National Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). Therefore, the "convenience of the parties" factor weighs against transfer to Ohio.


## C.  Convenience of the Third Party Witnesses

The convenience of third party witnesses is an important consideration in determining whether to transfer under § 1404(a) when such witnesses must be compelled to testify by the forum court. *Merril Iron & Steel, Inc. v. Yonkers Contracting Co.*, 2005 WL 1181952, *3 (W.D. Wis. May 18, 2005). When evaluating whether a forum would be inconvenient to third party

witnesses, a court should consider the materiality of their testimony and whether they can provide effective deposition testimony. *Adams*, 2007 WL 5613420, at 3.

As noted in the previous section, all of plaintiff's former employees now are third party witnesses. Whether they are material witnesses remains to be seen, but certainly Wisconsin would be more convenient for them than Ohio. More importantly, plaintiff identifies a number of its former customers as third party witnesses who will testify about purchases directly from defendant within the geographic area of plaintiff's franchise. *See, e.g.,* dkts. 37-39 Apparently this testimony is the heart of plaintiff's case, and plaintiff cannot compel any of these witnesses to travel to Ohio. Defendant challenges the weight and thoroughness of of plaintiff's proffer and questions why plaintiff has not chosen to conduct trial depositions. These are legitimate points but they unpersuasive. Plaintiff's proffer is logical, and it is supported by a representative sample of affidavits. Against this, defendant has not indicated that it will call any third party witnesses.

None of this favors transfer. All of it favors keeping this case in Wisconsin for trial.

_____

_____**D. Interests of Justice**

In weighing a motion to transfer venue, a court must look beyond the convenience of one party to determine whether transfer will promote the interests of justice. *Coffey*, 796 F.2d at 219-20. The "interests of justice" include the relative familiarity of the courts with the applicable law and the relative congestion of the court dockets. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). I already have addressed the legal familiarity concern in conjunction with the forum selection clause. Just as I am not concerned about an Ohio federal court correctly applying the WFDL, I am not concerned about this court

11

correctly applying Ohio contract law to plaintiff's first claim.  *See Extrusion Die Industries, LLC v. Cloeren, Inc.,* 2008 WL 4401219 at *4 (W.D. Wis. 2008) This is a non-factor.

The last factor is time to resolution.  This court has already set a trial date of May 10, 2010 for this case.  Court statistics show that a civil case in the Northern District of Ohio in 2008 had an average of 23 months between the time of filing an action and trial.  If the case were transferred to Ohio, the parties would likely have to wait about two more years, to the fall of 2011, for a trial is held.  It is not clear how quickly the court in Ohio would require, then rule on summary judgment motions, which are due to this court in about six weeks, by December 14, 2009.   Since speed generally is considered a good thing in federal courts, *See* Fed. R. Civ. Pro. 1,  it would not be in the interests of justice to slow this case down by transferring it to the Northern District of Ohio.


ORDER

It is ORDERED that defendant Rayco Manufacturing, Inc.'s motion to transfer pursuant to 28 U.S.C. § 1404(a) or dismiss or transfer pursuant to 28 U.S.C. § 1406(a) is DENIED.


Entered this 2nd day of November, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge